UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Thomas Leyvas,<br>Leila Leyvas,<br><br>      Plaintiffs,<br><br>v.<br><br>Lakeside Swimming Pool & Supply, Corp.<br><br>      Defendant. | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

**TO: The Chief Judge and Judges of the United States District Court for the District of Massachusetts**

Defendant Lakeside Swimming Pool & Supply, Corp. ("Lakeside"), hereby files this Notice of Removal of the above-captioned matter from the Worcester County Superior Court, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 of the United States Code. In support of its Notice of Removal, Lakeside states as follows:

### INTRODUCTION

1. This action was commenced by Complaint filed as Civil Action No. 1985CV01014 in the Worcester Superior Court, Commonwealth of Massachusetts on July 15, 2019. The Plaintiffs bring this action alleging that in 2018, the plaintiffs and Lakeside entered into a contract for the design and construction of a swimming pool on the plaintiffs' property, located at 34 Colonial Drive Mendon, Massachusetts (the "subject premises"). The plaintiffs allege that Lakeside "has failed to design, build and install a swimming pool per the terms of its contract with the Leyvas family." Exhibit A, Plaintiffs' Complaint and Statement of Damages, at ¶ 1. The plaintiffs allege

claims against Lakeside for breach of contract, negligence violation of M.G.L. ch. 93A, and intentional infliction of emotional distress. *See id.*

2.  The underlying action is one in which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by the Defendants pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

## TIMELINESS OF REMOVAL

3.  According to the docket, the plaintiffs' Complaint was filed in the Worcester County Superior Court on July 15, 2019. Defendant Lakeside was served with a Summons and Complaint on August 6, 2019. *See* Exhibit B, Return of Service. Thus, removal is timely because the Defendant filed such removal within thirty (30) days of receipt of the Summons and Complaint in this matter. 28 U.S.C. § 1446(b); Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999).

## DIVERSITY OF CITIZENSHIP

4.  Plaintiffs, Thomas and Leila Leyvas, are individuals who reside in Mendon, Massachusetts. (Exhibit A at ¶¶ 2-3.)

5.  Defendant Lakeside is a Rhode Island corporation with a principle place of business located in Rhode Island. (*Id.* at ¶ 4; Exhibit C, Rhode Island Secretary of State Business Records.)

6.  Accordingly, complete diversity of citizenship exists under 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

7.  The amount in controversy requirement is satisfied when the allegations in the Complaint indicate that there is a "reasonable probability" that the Plaintiff's claims exceed $75,000, exclusive of interests and costs. *See* Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir.

2001) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.")

8. Where the plaintiffs have not pled a specific amount of damages in the Complaint or Statement of Damages pursuant to M.G.L. ch. 212 § 3A, the amount in controversy requirement is satisfied when the defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(B); *see also* Hutston v. FLS Language Centres, 18 F. Supp. 3d 17, 23 (D. Mass. 2014) (If the jurisdictional amount is not apparent from the face of the Complaint, a court can then consider evidence submitted by the parties.)

9. Prior to service of the Complaint, Lakeside was served with a purported M.G.L. ch. 93A demand letter which alleges that the plaintiffs' total damages are $124,925.00, with the possibility of treble damages totaling $374,775.00, and attorneys' fees. (Exhibit D, Plaintiffs' Letter).

10. In calculating the amount in controversy, the Court must examine relevant state law to determine the nature and extent of the damages which may be awarded. *See* Stewart v. Tupperware Corp., 356 F.3d 335, 339 (1st Cir.2004); Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 42 (1st Cir. 2012). "When a plaintiff makes a claim under a statute including a damage multiplier, a court must apply that factor in evaluating the amount in controversy." Lucas v. Ultima Framingham LLC, 973 F. Supp. 2d 98, 101 (D. Mass. 2013) *quoting* Evans v. Yum Brands, Inc., 326 F. Supp. 2d 214, 222 (D.N.H. 2004). Further, a court must take into account attorneys' fees where the award of those fees is statutorily authorized. *See* Spielman v. Genzyme Corp., 251 F.3d 1, 6 (1st Cir.2001). Here, the plaintiffs' M.G.L. ch. 93A claim is subject to the recovery of attorneys' fees and treble damages, which is to be considered as part of the amount in controversy. Based on the claims alleged by the plaintiffs' and the damages alleged pursuant to M.G.L. ch. 93A,

there is a "reasonable probability" that the amount in controversy in this case exceeds $75,000, exclusive of interests and costs.

## VENUE

11.     This action is removable to this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the District of Massachusetts embraces the place, Worcester County, Commonwealth of Massachusetts, where the state action is now pending.

## NOTICE OF REMOVAL

12.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly filed with the clerk of the Suffolk Superior Court and served on the Plaintiff. A copy of the Notice of Removal to the Worcester Superior Court (without attachments) to be filed and served is attached as Exhibit E.

## STATE COURT RECORD

13.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon the Defendants, including the docket sheet and all documents filed in this case, are attached hereto as Exhibits A - F. Pursuant to Local Rule, D. Mass. 81.1, Lakeside will file with this Court, within 28 days of the filing of this Notice of Removal, certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court.

WHEREFORE, the Defendant requests that this action be removed from the Worcester County Superior Court, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts.

**LAKESIDE SWIMMING POOL & SUPPLY CORP.**

By its Attorneys,

CAMPBELL CONROY & O'NEIL, P.C.

/s/ *Ashley L. McCormack*
Brian P. Voke (BBO# 544327)
bvoke@campbell-trial-lawyers.com
Ashley L. McCormack (BBO #694007)
amccormack@campbell-trial-lawyers.com
Campbell Conroy & O'Neil, P.C.
One Constitution Center, Suite 310
Boston, MA 02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I, Ashley L. McCormack, counsel for Defendant Lakeside Swimming Pool & Supply, Corp., hereby certify that on August 22, 2019, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/: *Ashley L. McCormack*
Ashley L. McCormack